UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANA CECILIA REQUENO NAVARRO and
SARA ROSELIA BARRERA GONZALEZ,

    Plaintiffs,

v.

ETERNAL TRENDZ CUSTOMS, LLC and
WILLIAM SENIOR,

    Defendants.

Civil Action No. TDC-14-2876

**MEMORANDUM OPINION**

Pending before the Court is the parties' Joint Motion for Order Approving Settlement Agreement ("Joint Motion"). ECF No. 11. The parties assert that the Court should approve their agreed-upon settlement, consisting of unpaid overtime wages, liquidated damages, and attorney's fees, thereby resolving the allegations in the Complaint arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* (2012), the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Labor & Empl., § 3-501 *et seq.*, and the Maryland Wage & Hour Law ("MWHL"), Md. Code Ann., Labor & Empl., § 3-401 *et seq.* The Court has reviewed the Joint Motion and the Supplement to the Joint Motion ("Supplement"), ECF No. 13. For the reasons set forth below, the Motion is GRANTED and the settlement is APPROVED.

**BACKGROUND**

On September 9, 2014, Plaintiffs Ana Cecilia Requeno Navarro ("Requeno Navarro") and Sara Roselia Barrera Gonzalez ("Barrera Gonzalez") filed a Complaint against Eternal Trendz Customs, LLC ("Eternal Trendz") and its owner, William Senior, alleging that, while

working as car washers for Eternal Trendz from 2011 to 2014, Plaintiffs worked in excess of 40 hours per week and were not compensated for overtime hours at the required rate of one and one-half times their hourly pay rate, in violation of the FLSA, the MWPCL, and the MWHL. Compl. ¶¶ 18-19, 25-40. Requeno Navarro alleged that she was owed $13,350 in overtime wages; Barrera Gonzalez alleged that she was owed $6,145 in unpaid overtime. *Id.* ¶¶ 18-19.

On January 14, 2015, the parties filed a Joint Motion for Order Approving Settlement Agreement in which they reported that the parties had reached a settlement totaling $9,135.58, consisting of the following payments:

1. Barrera Gonzalez would receive $4,291.49, consisting of $2,145.74 in unpaid overtime wages and $2,145.75 in liquidated damages;

2. Requeno Navarro would receive $1,298.89, consisting of $649.44 in unpaid overtime wages and $649.45 in liquidated damages;

3. Plaintiffs' counsel would receive $3,545.20 in attorney's fees and costs, consisting of $2,520.75 attributable to Barrera Gonzalez's claim and $1,024.45 attributable to Requeno Navarro's claim.

Joint Mot. Ex. A, ECF No. 11-1.

## DISCUSSION

### I.   Legal Standard

Congress enacted the FLSA to protect workers from substandard wages and oppressive working hours. *Barrentine v. Ark.-Best Freight Sys.*, 450 U.S. 728, 739 (1981). Because of the significant inequalities in bargaining power between employers and employees, the statute's provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). A court-

approved stipulated judgment or settlement is an exception to that rule. *See D. A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Such a settlement may be approved provided that it reflects a "reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores*, 679 F.2d at 1354; *accord Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013).

Although the United States Court of Appeals for the Fourth Circuit has not specifically identified the factors to be considered in approving FLSA settlements, district courts in this circuit typically employ the considerations set forth by the United States Court of Appeals for the Eleventh Circuit in *Lynn's Food Stores*. *See, e.g., Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010); *see also Saman*, 2013 WL 2949047 at *3; *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010). An FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1355. The analysis includes consideration of (1) whether there are FLSA issues actually in dispute; (2) the fairness and reasonableness of the settlement; and (3) the reasonableness of the attorney's fees, if included in the agreement. *Saman*, 2013 WL 2949047, at *3. These factors are most likely to be satisfied where there is an "assurance of an adversarial context" and the employees are "represented by an attorney who can protect their rights under the statute." *Lynn's Food Stores*, 679 F.2d at 1354.

## II. FLSA Settlement

### A. *Bona Fide* Dispute

The first step in analyzing the settlement agreement is determining whether there are FLSA issues that are "actually in dispute." *Saman*, 2013 WL 2949047 at *3. In the Supplement,

the parties assert that Defendants' position is that they did not owe overtime because they retained Plaintiffs as independent contractors working only for "occasional periods," without "significant control" over them, and that Plaintiffs had agreed to that arrangement. Supp. at 2. Moreover, even if the arrangement proved to be an employer/employee relationship as a legal matter, and thus did not eliminate the legal requirement to pay overtime, Defendants would assert that they had a good faith belief that the arrangement did not require overtime pay. *Id.* Under the FLSA, the court need not award liquidated damages if the employer acted in good faith and had reasonable grounds to believe that it had not violated the FLSA. 29 U.S.C. § 260; *Perez v. Mountaire Farms*, 650 F.3d 350, 375 (4th Cir. 2011). Thus, there would be, at a minimum, a *bona fide* dispute over the amount of damages. Under the same reasoning, Defendants have not conceded that any violation was willful, which would need to be established in order to allow for recovery of three years of back overtime pay rather than two years, because there is a three-year statute of limitations on willful violations of FLSA and only a two-year statute of limitations on other violations of FLSA. *See* 29 U.S.C. § 255(a). Accordingly, the Court finds that there is a *bona fide* dispute that justifies settlement of the case.

### B. Fairness and Reasonableness

In assessing the fairness and reasonableness of the settlement agreement, the following factors should be considered: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. *Saman*, 2013 WL 2949047, at *3 (quoting *Lomascolo v. Parsons Brinckerhoff, Inc.*, No.

1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009)); *see also Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09–cv–00058, 2010 WL 1813497, at *1 n.1 (W.D. Va. May 5, 2010). Upon consideration of the settlement agreement and the underlying facts, the Court finds that this agreement is fair and reasonable.

The primary factor supporting this conclusion is the probability of Plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery. Although Plaintiffs asserted claims for higher amounts in the Complaint, the parties agree that after informal discovery, Defendants' detailed records showing the hours worked by Plaintiffs establish that the amount of overtime actually owed over the three-year period would be $3,406.12 for Barrera Gonzalez and $1,161.67 for Requeno Navarro. Supp. at 3-4, Exs. 1-2. Thus, the $4,291.49 and $1,298.89 to be paid under the settlement agreement to Barrera Gonzalez and Requeno Navarro, respectively, consist of more than 100 percent of the overtime wages owed. Although these figures do not provide for 100 percent liquidated damages as well, the figures are reasonable in light of Defendants' argument that they acted in good faith, not willfully, and therefore may not be subject to liquidated damages, and may only be liable for two years' worth of overtime pay rather than three years. *See supra* part II.A.

The other factors also support a finding of a fair and reasonable settlement. The settlement was negotiated after informal discovery which included the exchange of company records that were used in formulating a settlement amount. Supp. at 3. At the same time, there remain significant additional steps in this litigation, including formal discovery, possible dispositive motions, and trial, such that settlement at this time would save significant time and expense. The agreement was negotiated by experienced counsel who have both recommended this settlement to their clients. Finally, there is no evidence of fraud or collusion in the

settlement. *See Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *12 (E.D. Va. Sept. 28, 2009) ("There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."). Thus, the Court finds the settlement to be fair and reasonable.

### C. Attorney's Fees

If the proposed settlement includes a provision for payment of attorney's fees, the reasonableness of the award must also "be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Saman*, 2013 WL 2949047, at *3 (quoting *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011)). In this case, the settlement agreement provides for payment of $3,545.20 in attorney's fees and costs. Joint Mot. Ex A. This figure reasonably represents 33 percent of the settlement amount, pursuant to the contingency fee arrangement between Plaintiffs and their counsel. Joint Mot. at 4.

This figure is also reasonable upon consideration of the actual hours expended by Plaintiffs' counsel. To assess this amount, the Court applies the traditional lodestar methodology factors, beginning with a lodestar calculation defined as the number of hours "reasonably expended" by counsel multiplied by a "reasonable hourly rate." *Robinson v. Equifax Info Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009); *Saman*, 2013 WL 2949047, at *6. An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). In Appendix B to the Local Rules of the United States District Court for the District


of Maryland,[1] this Court has established rates that are presumptively reasonable for lodestar calculations. *See, e.g., Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000).

Plaintiffs' counsel represents that she expended 25.1 hours on this case and incurred $500.75 in costs, which, upon a review of a billing records, appears to be reasonable for this case. Joint Mot. Ex. B. She also claims a billing rate of $395 per hour, which is within the guidelines set by this Court for an attorney of her experience, consisting of 15 years as a member of the bar. *Id.*; *see* Local Rules, Appendix B (D. Md. 2014) (setting a range of $275-425 per hour for attorneys with 15-19 years of experience). With a small number of the hours incurred by an associate that are billed at a lower rate, the total attorney's fees incurred are $9,728.50. Joint Mot. Ex. B. Thus, the $3,044.45 in attorney's fees to be paid pursuant to the settlement agreement is fair and reasonable.

## CONCLUSION

For the foregoing reasons, the Joint Motion for Approval of Settlement is GRANTED. ECF No. 11. A separate Order follows.

Date: February 27, 2015

THEODORE D. CHUANG
United States District Judge

---

[1] *Available at* http://www.mdd.uscourts.gov/localrules/LocalRules.pdf.